APPEAL,CLOSED,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:17–cv–01519–TSC</u>
### *Internal Use Only*

| | |
|---|---|
| ADVOCATE CHRIST MEDICAL CENTER et al v. BECERRA | Date Filed: 07/27/2017 |
| Assigned to: Judge Tanya S. Chutkan | Date Terminated: 06/08/2022 |
| Cases:  1:21–cv–02148–TSC | Jury Demand: None |
| 1:21–cv–02453–TSC | Nature of Suit: 151 Contract: Recovery Medicare |
| 1:21–cv–00332–TSC | Jurisdiction: U.S. Government Defendant |
| 1:20–cv–00199–TSC | |
| 1:22–cv–00219–TSC | |
| 1:20–cv–00891–TSC | |
| 1:20–cv–01413–TSC | |
| 1:21–cv–03091–TSC | |

Cause: 42:1395 HHS: Adverse Reimbursement Review

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **ADVOCATE CHRIST MEDICAL CENTER** | represented by | **Daniel F. Miller** |
| *also known as* | | HALL RENDER KILLIAN HEATH & LYMAN, P.C. |
| ADVOCATE CHRISTIAN HOSPITAL | | 330 E. Kilbourn Avenue |
| | | Suite 1250 |
| | | Milwaukee, WI 53202 |
| | | (414) 721–0463 |
| | | Fax: (414) 721–0491 |
| | | Email: <u>dmiller@hallrender.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **N. Kent Smith** |
| | | HALL RENDER KILLIAN HEATH & LYMAN, P.C. |
| | | 500 North Meridian Street |
| | | Suite 400 |
| | | Indianapolis, IN 46204–1293 |
| | | (317) 633–4884 |
| | | Fax: (317) 633–4878 |
| | | Email: <u>ksmith@hallrender.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Sara Jean MacCarthy** |
| | | HALL RENDER KILLIAN HEATH & LYMAN, P.C. |
| | | 330 E. Kilbourn Avenue |
| | | Suite 1250 |

Milwaukee, WI 53202
(414) 721−0442
Email: smaccarthy@hallrender.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ADVOCATE CONDELL MEDICAL CENTER**                     represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ADVOCATE ILLINOIS MASONIC MEDICAL CENTER**           represented by   **Daniel F. Miller**
*also known as*                                                          (See above for address)
ADVOCATE NORTHSIDE HEALTH                                               *LEAD ATTORNEY*
SYSTEM                                                                  *ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ADVOCATE SHERMAN HOSPITAL**                           represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ADVOCATE SOUTH SUBURBAN
HOSPITAL**

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ADVOCATE TRINITY HOSPITAL**

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ANDALUSIA HEALTH**
*also known as*
ANDALUSIA REGIONAL HOSPITAL

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ANDERSON HOSPITAL**                    represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ASHLEY REGIONAL MEDICAL**             represented by   **Daniel F. Miller**
**CENTER**                                               (See above for address)
*formerly known as*                                      *LEAD ATTORNEY*
ASHLEY VALLEY MEDICAL                                    *ATTORNEY TO BE NOTICED*
CENTER

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ASPIRUS RIVERVIEW HOSPITAL**          represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

represented by

**AUGUSTA HEALTH**
*also known as*
AUGUSTA MEDICAL CENTER

**Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAPTIST EASLEY**                    represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAPTIST HEALTH FLOYD**              represented by   **Daniel F. Miller**
*also known as*                                       (See above for address)
FLOYD MEMORIAL HOSPITAL                               *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAPTIST HEALTH MEDICAL**            represented by   **Daniel F. Miller**
**CENTER – LITTLE ROCK**                               (See above for address)
*LEAD ATTORNEY*

5

*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAPTIST HEALTH MEDICAL**          represented by   **Daniel F. Miller**
**CENTER – NORTH LITTLE ROCK**                       (See above for address)
*also known as*                                      *LEAD ATTORNEY*
BAPTIST HEALTH MEDICAL                               *ATTORNEY TO BE NOTICED*
CENTER

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAPTIST HEALTH MEDICAL**          represented by   **Daniel F. Miller**
**CENTER–HOT SPRING COUNTY**                         (See above for address)
*also known as*                                      *LEAD ATTORNEY*
HOT SPRING COUNTY MEDICAL                            *ATTORNEY TO BE NOTICED*
CENTER

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAXTER REGIONAL MEDICAL**          represented by   **Daniel F. Miller**
**CENTER**                                           (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**BEAUMONT HOSPITAL –**          represented by  **Daniel F. Miller**
**FARMINGTON HILLS**                              (See above for address)
*formerly known as*                               *LEAD ATTORNEY*
BOTSFORD GENERAL HOSPITAL                          *ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**BORGESS MEDICAL CENTER**       represented by  **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**CAPE REGIONAL MEDICAL**        represented by  **Daniel F. Miller**
**CENTER**                                        (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                          Sara Jean MacCarthy
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CARLE FOUNDATION HOSPITAL**      represented by   **Daniel F. Miller**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **N. Kent Smith**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Sara Jean MacCarthy**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CAROMONT REGIONAL MEDICAL**      represented by   **Daniel F. Miller**
**CENTER**                                 (See above for address)
*formerly known as*                        *LEAD ATTORNEY*
GASTON MEMORIAL HOSPITAL                    *ATTORNEY TO BE NOTICED*

                                          **N. Kent Smith**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Sara Jean MacCarthy**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CARONDELET HEART &**      represented by   **Daniel F. Miller**
**VASCULAR INSTITUTE**                      (See above for address)
*formerly known as*                        *LEAD ATTORNEY*
ST. MARY'S HOSPITAL                         *ATTORNEY TO BE NOTICED*

                                          **N. Kent Smith**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Sara Jean MacCarthy**
                                          (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CARONDELET SAINT JOSEPH'S**          represented by   **Daniel F. Miller**
**HOSPITAL**                                            (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **N. Kent Smith**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Sara Jean MacCarthy**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CARONDELET SAINT MARY'S**            represented by   **Daniel F. Miller**
**HOSPITAL**                                            (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **N. Kent Smith**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Sara Jean MacCarthy**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CASTLEVIEW HOSPITAL**                represented by   **Daniel F. Miller**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **N. Kent Smith**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Sara Jean MacCarthy**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTEGRA HOSPITAL –**
**MCHENRY**
*also known as*
NORTHERN ILLINOIS MEDICAL
CENTER

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTEGRA HOSPITAL –**
**WOODSTOCK**
*also known as*
MEMORIAL MEDICAL CENTER

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHRISTUS GOOD SHEPHERD**
**MEDICAL CENTER**

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

represented by

**CHRISTUS GOOD SHEPHERD**
**MEDICAL CENTER MARSHALL**

**Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CLARK MEMORIAL HOSPITAL**          represented by  **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMANCHE COUNTY MEMORIAL**          represented by  **Daniel F. Miller**
**HOSPITAL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMUNITY HOSPITAL**          represented by  **Daniel F. Miller**
*also known as*                    (See above for address)
COMMUNITY HEALTHCARE          *LEAD ATTORNEY*

11

SYSTEM                                          *ATTORNEY TO BE NOTICED*

                                                **N. Kent Smith**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Sara Jean MacCarthy**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMUNITY HOSPITAL**          represented by   **Daniel F. Miller**
**ANDERSON**                                     (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **N. Kent Smith**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Sara Jean MacCarthy**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMUNITY HOSPITAL EAST**     represented by   **Daniel F. Miller**
*also known as*                                  (See above for address)
COMMUNITY HOSPITALS OF                           *LEAD ATTORNEY*
INDIANA, INC.                                    *ATTORNEY TO BE NOTICED*

                                                **N. Kent Smith**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Sara Jean MacCarthy**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**COMMUNITY HOSPITAL NORTH**    represented by   **Daniel F. Miller**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **N. Kent Smith**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**COMMUNITY HOWARD REGIONAL HEALTH**

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**CONWAY REGIONAL MEDICAL CENTER**

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**DANVILLE REGIONAL MEDICAL CENTER**
*also known as*
DANVILLE REGIONAL HOSPITAL

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Sara Jean MacCarthy
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DEARBORN COUNTY HOSPITAL**        represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DEKALB MEMORIAL HOSPITAL**        represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EAST ALABAMA MEDICAL
CENTER**        represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ELKHART GENERAL HOSPITAL**          represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FAIRFIELD MEDICAL CENTER**          represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FAYETTE REGIONAL HEALTH SYSTEM**          represented by   **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**FIRELANDS REGIONAL MEDICAL**          represented by   **Daniel F. Miller**
**CENTER – MAIN CAMPUS**                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **N. Kent Smith**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Sara Jean MacCarthy**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**FITZGIBBON HOSPITAL**                  represented by   **Daniel F. Miller**
*also known as*                                           (See above for address)
JOHN FITZGIBBON MEMORIAL                                  *LEAD ATTORNEY*
HOSPITAL                                                  *ATTORNEY TO BE NOTICED*

                                                          **N. Kent Smith**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Sara Jean MacCarthy**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**FLUSHING HOSPITAL MEDICAL**            represented by   **Daniel F. Miller**
**CENTER**                                                (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **N. Kent Smith**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Sara Jean MacCarthy**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

                                         represented by

**FRANCISCAN HEALTH
HAMMOND**
*also known as*
FRANCISCAN SAINT MARGARET
HEALTH – HAMMOND CAMPUS

**Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FRANCISCAN HEALTH
INDIANAPOLIS**
*formerly known as*
FRANCISCAN SAINT FRANCIS
HEALTH – INDIANAPOLIS

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NORTH GEORGIA MEDICAL
CENTER**

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PARKRIDGE WEST HOSPITAL**
*also known as*
GRANDVIEW MEDICAL CENTER

represented by **Daniel F. Miller**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**N. Kent Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SAINT FRANCIS HOSPITAL**                    represented by   **Daniel F. Miller**
**MUSKOGEE**                                                   (See above for address)
*also known as*                                               *LEAD ATTORNEY*
MUSKOGEE REGIONAL MEDICAL                                      *ATTORNEY TO BE NOTICED*
CENTER
                                                              **N. Kent Smith**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Sara Jean MacCarthy**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STARKE HOSPITAL**                           represented by   **Daniel F. Miller**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **N. Kent Smith**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Sara Jean MacCarthy**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALL PLAINTIFFS**                            represented by   **Daniel F. Miller**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **N. Kent Smith**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Jean MacCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

| | |
|---|---|
| **XAVIER BECERRA** | represented by **Peter M. Bryce** |
| *Secretary, United States Department of* | U.S. DEPARTMENT OF JUSTICE |
| *Health and Human Services* | Civil Division, Federal Programs Branch |
| | 1100 L Street NW |
| | Washington, DC 20005 |
| | (202) 616–8335 |
| | Fax: (202) 616–8470 |
| | Email: peter.bryce@usdoj.gov |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |

<u>**Defendant**</u>

| | |
|---|---|
| **ALEX M. AZAR, II** | represented by **Peter M. Bryce** |
| *Secretary, United States Department of* | (See above for address) |
| *Health and Human Services* | *LEAD ATTORNEY* |
| *TERMINATED: 08/05/2022* | *ATTORNEY TO BE NOTICED* |

<u>**Defendant**</u>

| | |
|---|---|
| **THOMAS E. PRICE** | represented by **Peter M. Bryce** |
| *Secretary, United States Department of* | (See above for address) |
| *Health and Human Services* | *LEAD ATTORNEY* |
| *TERMINATED: 01/27/2020* | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/27/2017 | 1 | | COMPLAINT against THOMAS E. PRICE, MD ( Filing fee $ 400 receipt number 0090–5050384) filed by CARONDELET HEART & VASCULAR INSTITUTE, FITZGIBBON HOSPITAL, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, ADVOCATE SOUTH SUBURBAN HOSPITAL, FRANCISCAN HEALTH INDIANAPOLIS, BEAUMONT HOSPITAL – FARMINGTON HILLS, BAPTIST EASLEY, ADVOCATE CHRIST MEDICAL CENTER, BAPTIST HEALTH FLOYD, CARLE FOUNDATION HOSPITAL, CLARK MEMORIAL HOSPITAL, BAXTER REGIONAL MEDICAL CENTER, BORGESS MEDICAL CENTER, DEKALB MEMORIAL HOSPITAL, CENTEGRA HOSPITAL – WOODSTOCK, FAYETTE REGIONAL HEALTH SYSTEM, ASPIRUS RIVERVIEW HOSPITAL, BAPTIST HEALTH MEDICAL CENTER – |

| | | | LITTLE ROCK, ELKHART GENERAL HOSPITAL, COMMUNITY HOSPITAL EAST, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET SAINT JOSEPH'S HOSPITAL, ANDERSON HOSPITAL, CONWAY REGIONAL MEDICAL CENTER, COMMUNITY HOSPITAL ANDERSON, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, COMMUNITY HOSPITAL, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, FLUSHING HOSPITAL MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE CONDELL MEDICAL CENTER, CARONDELET SAINT MARY'S HOSPITAL, COMMUNITY HOSPITAL NORTH, ANDALUSIA HEALTH, EAST ALABAMA MEDICAL CENTER, ASHLEY REGIONAL MEDICAL CENTER, AUGUSTA HEALTH, COMMUNITY HOWARD REGIONAL HEALTH, ADVOCATE TRINITY HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, FAIRFIELD MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, FRANCISCAN HEALTH HAMMOND, CASTLEVIEW HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, DANVILLE REGIONAL MEDICAL CENTER. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Civil Cover Sheet, # 5 Summons Thomas E. Price, M.D., # 6 Summons U.S. Attorney General, # 7 Summons Civil Process Clerk)(Miller, Daniel) (Entered: 07/27/2017) |
| 07/27/2017 | 2 | | Corporate Disclosure Statement by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – |

| | | |
|---|---|---|
| | | MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS. (Miller, Daniel) (Entered: 07/27/2017) |
| 08/03/2017 | | Case Assigned to Judge Amit P. Mehta. (zsb) (Entered: 08/03/2017) |
| 08/03/2017 | 3 | SUMMONS (3) Issued Electronically as to THOMAS E. PRICE, MD, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Consent Form)(zsb) (Entered: 08/03/2017) |
| 08/30/2017 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. THOMAS E. PRICE served on 8/14/2017 (Miller, Daniel) (Entered: 08/30/2017) |
| 08/30/2017 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 08/16/2017. (Miller, Daniel) (Entered: 08/30/2017) |
| 08/30/2017 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 8/24/2017. Answer due for ALL FEDERAL DEFENDANTS by 10/23/2017. (Miller, Daniel) (Entered: 08/30/2017) |
| 09/19/2017 | 7 | NOTICE of Appearance by Peter Bryce on behalf of THOMAS E. PRICE (Bryce, Peter) (Entered: 09/19/2017) |
| 10/10/2017 | 8 | Consent MOTION for Extension of Time to File Answer *or Otherwise Respond to the Complaint* by THOMAS E. PRICE (Attachments: # 1 Text of Proposed Order)(Bryce, Peter) (Entered: 10/10/2017) |
| 10/10/2017 | | MINUTE ORDER granting Defendant's 8 Consent Motion for Extension of Time. Defendant's responsive pleading is now due on or before December 22, 2017. Signed by Judge Amit P. Mehta on 10/10/2017. (lcapm1) (Entered: 10/10/2017) |
| 10/10/2017 | | Set/Reset Deadlines/Hearings: Responsive pleading due by 12/22/2017. (zcdw) (Entered: 10/11/2017) |
| 11/02/2017 | | Case directly reassigned to Judge Trevor N. McFadden. Judge Amit P. Mehta is no longer assigned to the case. (ztnr) (Entered: 11/02/2017) |
| 12/22/2017 | 9 | ANSWER to 1 Complaint by THOMAS E. PRICE.(Bryce, Peter) Modified to add link on 12/26/2017 (znmw). (Entered: 12/22/2017) |
| 12/22/2017 | | MINUTE ORDER: Before the Court are a complaint and an answer in this case where Plaintiffs challenge the actions of the Defendant federal Agency as arbitrary and capricious. The requirements of Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 appear to be inapplicable. It is hereby ORDERED that the parties shall meet and confer and file a Joint Status Report on or before January 19, 2018, containing: a proposed briefing schedule for dispositive motions, including dates for the filing of the administrative record and appendix containing excerpts of the administrative record, *see* Local Civil Rule 7(n); any settlement efforts made by the parties; and whether the parties believe alternative dispute resolution may be helpful in settling this action. When proposing deadlines, the parties shall avoid proposing a schedule that |

| | | | |
|---|---|---|---|
| | | | contains submission of simultaneous dispositive cross–motions. SO ORDERED. Signed by Judge Trevor N. McFadden on 12/22/2017. (lctnm3) (Entered: 12/22/2017) |
| 12/22/2017 | | | Set/Reset Deadlines: Joint Status Report due by 1/19/2018. (tg) (Entered: 12/22/2017) |
| 01/18/2018 | 10 | | Joint STATUS REPORT by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Miller, Daniel) (Entered: 01/18/2018) |
| 01/18/2018 | | | MINUTE ORDER. Pursuant to the parties' 10 Joint Status Report, the Defendant's certified list of administrative record contents shall be due on or before February 14, 2018; Plaintiffs' motion for summary judgment shall be due on or before May 15, 2018; Defendant's cross–motion for summary judgment and opposition to Plaintiff's motion for summary judgment shall be due on or before July 31, 2018; Plaintiffs' reply in support of their motion for summary judgment and opposition to Defendant's cross–motion for summary judgment shall be due on or before September 1, 2018; and Defendant's reply in support of its cross–motion for summary judgment shall be due on or before October 1, 2018. The joint appendix shall be due on or before October 23, 2018. SO ORDERED. Signed by Judge Trevor N. McFadden on 1/18/2018. (lctnm3) (Entered: 01/18/2018) |

| | | | |
|---|---|---|---|
| 01/19/2018 | | | Set/Reset Deadlines: Certified list of administrative record contents due by 2/14/2018. Plaintiffs' Motion for Summary Judgment due by 5/15/2018. Defendant's opposition to Plaintiffs' Motion for Summary Judgment and Cross–Motion due by 7/31/2018. Plaintiffs' reply in support of its Motion for Summary Judgment and opposition to Defendant's Cross–Motion due by 9/1/2018. Defendant's reply in support of its Cross–Motion due by 10/1/2018. Joint appendix due by 10/23/2018. (hmc) (Entered: 01/19/2018) |
| 01/19/2018 | 11 | | Case randomly reassigned to Judge Tanya S. Chutkan. Judge Trevor N. McFadden is no longer assigned to the case. (ztnr) (Entered: 01/22/2018) |
| 02/14/2018 | 12 | | NOTICE *of Filing of Certified Lists Under Local Rule 7(n)(1)* by THOMAS E. PRICE (Bryce, Peter) (Entered: 02/14/2018) |
| 05/15/2018 | 13 | | MOTION for Summary Judgment *and Request for Oral Argument* by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL (Attachments: # 1 Text of Proposed Order Proposed Order)(Miller, Daniel). Added MOTION for Hearing on 5/16/2018 (ztd). (Entered: 05/15/2018) |
| 07/17/2018 | 14 | | Consent MOTION for Extension of Time to *file Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment* by |

| | | |
|---|---|---|
| | | THOMAS E. PRICE (Attachments: # 1 Text of Proposed Order)(Bryce, Peter) (Entered: 07/17/2018) |
| 07/17/2018 | | MINUTE ORDER: Granting Consent Motion 14 for Extension of Deadlines. Defendant's Combined Cross–Motion for Summary Judgment/Opposition due October 1, 2018. Plaintiffs' Combined Memorandum in Opposition to Defendant's Cross–Motion/Reply due November 1, 2018. Defendant's Reply due December 3, 2018. Joint Appendix due December 22, 2018. Signed by Judge Tanya S. Chutkan on 7/17/18. (DJS) (Entered: 07/17/2018) |
| 07/19/2018 | | Set/Reset Deadlines: Cross Motion due by 10/1/2018. Response to Cross Motion due by 11/1/2018. Reply to Cross Motion due by 12/3/2018. Response to Motion for Summary Judgment due by 10/1/2018. Reply to Motion for Summary Judgment due by 11/1/2018. (tb) (Entered: 07/19/2018) |
| 10/01/2018 | 15 | Cross MOTION for Summary Judgment by THOMAS E. PRICE (Attachments: # 1 Text of Proposed Order)(Bryce, Peter) (Entered: 10/01/2018) |
| 10/01/2018 | 16 | Memorandum in opposition to re 13 MOTION for Summary Judgment *and Request for Oral Argument* MOTION for Hearing filed by THOMAS E. PRICE. (Attachments: # 1 Text of Proposed Order)(Bryce, Peter) (Entered: 10/01/2018) |
| 11/01/2018 | 17 | ENTERED IN ERROR. . . . .Memorandum in opposition to re 15 Cross MOTION for Summary Judgment , 13 MOTION for Summary Judgment *and Request for Oral Argument* MOTION for Hearing filed by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH |

| | | | |
|---|---|---|---|
| | | | SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (MacCarthy, Sara) Modified on 11/6/2018 (ztd). (Entered: 11/01/2018) |
| 11/06/2018 | | | NOTICE OF ERROR re 17 Memorandum in Opposition; emailed to smaccarthy@hallrender.com, cc'd 20 associated attorneys –– The PDF file you docketed contained errors: 1. Invalid attorney signature, 2. Two–part docket entry, 3. Please refile document, 4. Sara MacCarthy is not on the docket nor is her signature on the document. Also, this document needs to be entered on the docket twice. (ztd, ) (Entered: 11/06/2018) |
| 11/06/2018 | 18 | | Memorandum in opposition to re 15 Cross MOTION for Summary Judgment filed by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Miller, Daniel) (Entered: 11/06/2018) |
| 11/06/2018 | 19 | | REPLY re 13 MOTION for Summary Judgment *and Request for Oral Argument* MOTION for Hearing *(Reply in Support of Plaintiffs Motion for Summary Judgment)* filed by ADVOCATE CHRIST MEDICAL CENTER, |

| | | | |
|---|---|---|---|
| | | | ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CARONDELET REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Miller, Daniel) Modified event title on 11/9/2018 (znmw). (Entered: 11/06/2018) |
| 11/27/2018 | 20 | | Consent MOTION for Extension of Time to File Response/Reply by THOMAS E. PRICE (Attachments: # 1 Text of Proposed Order)(Bryce, Peter) (Entered: 11/27/2018) |
| 12/05/2018 | | | MINUTE ORDER: Granting 20 Consent Motion for Extension of Time to File Response/Reply. Defendant's Reply in Further Support of Defendant's Cross–Motion for Summary Judgment due December 17, 2018. Joint Appendix due January 16, 2019. Signed by Judge Tanya S. Chutkan on 12/5/18. (DJS) (Entered: 12/05/2018) |
| 12/07/2018 | | | Set/Reset Deadlines: Joint Appendix due by 1/16/2019. Reply to Cross Motion due by 12/17/2018. (tb) (Entered: 12/07/2018) |
| 12/17/2018 | 21 | | REPLY to opposition to motion re 15 Cross MOTION for Summary Judgment filed by THOMAS E. PRICE. (Bryce, Peter) (Entered: 12/17/2018) |
| 12/17/2018 | 22 | | NOTICE of Filing of Amended List Under Local Rule 7(n)(1) by THOMAS E. PRICE (Bryce, Peter) (Entered: 12/17/2018) |
| 01/11/2019 | 23 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Stay *Further Proceedings In Light of Lapse of Appropriations* by THOMAS E. PRICE (Attachments: # 1 Text of Proposed Order)(Bryce, Peter) (Entered: 01/11/2019) |
| 01/16/2019 | 24 | | RESPONSE re 23 MOTION to Stay *Further Proceedings In Light of Lapse of Appropriations* filed by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Miller, Daniel) (Entered: 01/16/2019) |
| 01/16/2019 | 25 | | JOINT APPENDIX *[PROPOSED]: PRRB Record and Other Authorities* by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, |

| | | |
|---|---|---|
| | | CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Attachments: # 1 Exhibit 1: Hearing Transcript, # 2 Exhibit 2: Another Hearing Transcript)(Miller, Daniel) (Entered: 01/16/2019) |
| 01/16/2019 | 26 | JOINT APPENDIX *[PROPOSED]: Rulemaking Record* by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN |

| | | | |
|---|---|---|---|
| | | | CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Miller, Daniel) (Entered: 01/16/2019) |
| 01/17/2019 | | | MINUTE ORDER: Granting 23 Motion to Stay. All deadlines are hereby STAYED. Defendant's counsel shall notify the within five days after Congress has appropriated funds for the Justice Department. Signed by Judge Tanya S. Chutkan on 1/17/19. (DJS) (Entered: 01/17/2019) |
| 01/28/2019 | 27 | | NOTICE *of Restoration of Appropriations* by THOMAS E. PRICE (Bryce, Peter) (Entered: 01/28/2019) |
| 01/31/2019 | 28 | | NOTICE *of Proposed Schedule* by THOMAS E. PRICE (Attachments: # 1 Text of Proposed Order)(Bryce, Peter) (Entered: 01/31/2019) |
| 02/06/2019 | | | MINUTE ORDER: Having considered the parties' joint status reports, it is hereby ordered that the parties shall adhere to the following deadlines: Defendant's Certified List of Administrative Record due February 14, 2019. Plaintiff's Motion for Summary Judgment due May 15, 2019. Defendant's Combined Cross–Motion/Opposition due July 31, 2019. Plaintiff's Combined Opposition/Reply due September 1, 2019. Defendant's Reply due October 1, 2019. Joint Appendix due October 23, 2018. Signed by Judge Tanya S. Chutkan on 2/6/19. (DJS) (Entered: 02/06/2019) |
| 02/06/2019 | 29 | | AMENDED MINUTE ORDER: Having considered the parties' joint status report 27 , it is hereby ordered that the parties shall file the Joint Appendix on or before February 15, 2019. Signed by Judge Tanya S. Chutkan on 2/6/19. (DJS) (Entered: 02/06/2019) |
| 02/07/2019 | | | Set/Reset Deadlines: Administrative Record due by 2/14/2019. Appendix due by 10/23/2018. Cross Motions due by 7/31/2019. Response to Cross Motions due by 9/1/2019. Reply to Cross Motions due by 10/1/2019. Summary Judgment motions due by 5/15/2019. Response to Motion for Summary Judgment due by 7/31/2019. Reply to Motion for Summary Judgment due by 9/1/2019. (tb) (Entered: 02/07/2019) |
| 02/07/2019 | | | Set/Reset Deadlines: Joint Appendix due by 2/15/2019. (tb) (Entered: 02/07/2019) |
| 02/12/2019 | 30 | | NOTICE *OF FILING OF JOINT APPENDICES* by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, |

| | | |
|---|---|---|
| | | CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL (Miller, Daniel) (Entered: 02/12/2019) |
| 02/12/2019 | 31 | JOINT APPENDIX *: PRRB RECORD* by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL |

| | | | |
|---|---|---|---|
| | | | CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Miller, Daniel) (Entered: 02/12/2019) |
| 02/12/2019 | 32 | | JOINT APPENDIX *: RULEMAKING RECORD* by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. (Miller, Daniel) (Entered: 02/12/2019) |
| 02/28/2019 | | | MINUTE ORDER: Lifting stay effective 1/25/19. See ECF 27 . Signed by Judge Tanya S. Chutkan on 2/28/19. (DJS) (Entered: 02/28/2019) |
| 07/08/2019 | 33 | | NOTICE of Appearance by N. Kent Smith on behalf of All Plaintiffs (Smith, N.) (Entered: 07/08/2019) |
| 07/08/2019 | 34 | | NOTICE OF SUPPLEMENTAL AUTHORITY by ALL PLAINTIFFS (Attachments: # 1 Exhibit Exhibit 1 to Notice of Supplemental Authority)(MacCarthy, Sara) (Entered: 07/08/2019) |
| 07/13/2019 | 35 | | RESPONSE re 34 NOTICE OF SUPPLEMENTAL AUTHORITY filed by THOMAS E. PRICE. (Bryce, Peter) (Entered: 07/13/2019) |
| 09/12/2019 | 36 | | NOTICE of Change of Address by Daniel F. Miller (Miller, Daniel) (Entered: 09/12/2019) |

| 10/14/2020 | 37 | NOTICE OF SUPPLEMENTAL AUTHORITY by ALL PLAINTIFFS (Attachments: # 1 Exhibit 1 – Pomona Valley Hosp. Med. Ctr. v. Azar (D.D.C. Sept. 30 2020))(MacCarthy, Sara) (Entered: 10/14/2020) |
|---|---|---|
| 10/23/2020 | 38 | RESPONSE re 37 NOTICE OF SUPPLEMENTAL AUTHORITY filed by ALEX M. AZAR, II. (Bryce, Peter) (Entered: 10/23/2020) |
| 07/10/2021 | 39 | NOTICE OF SUPPLEMENTAL AUTHORITY by ALEX M. AZAR, II (Attachments: # 1 Exhibit A)(Bryce, Peter) (Entered: 07/10/2021) |
| 07/20/2021 | 40 | RESPONSE re 39 NOTICE OF SUPPLEMENTAL AUTHORITY filed by ALL PLAINTIFFS. (MacCarthy, Sara) (Entered: 07/20/2021) |
| 06/08/2022 | 41 | MEMORANDUM AND OPINION re Plaintiffs' 13 Motion for Summary Judgment and Defendant's 15 Cross–Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 06/08/2022. (lcwk) (Entered: 06/08/2022) |
| 06/08/2022 | 42 | ORDER denying Plaintiffs' 13 Motion for Summary Judgment and granting Defendant's 15 Cross–Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 06/08/2022. (lcwk) (Entered: 06/08/2022) |
| 08/05/2022 | 43 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 42 Order on Motion for Summary Judgment, Order on Motion for Hearing, 41 Memorandum & Opinion by ADVOCATE CHRIST MEDICAL CENTER, ADVOCATE CONDELL MEDICAL CENTER, ADVOCATE ILLINOIS MASONIC MEDICAL CENTER, ADVOCATE SHERMAN HOSPITAL, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE TRINITY HOSPITAL, ALL PLAINTIFFS, ANDALUSIA HEALTH, ANDERSON HOSPITAL, ASHLEY REGIONAL MEDICAL CENTER, ASPIRUS RIVERVIEW HOSPITAL, AUGUSTA HEALTH, BAPTIST EASLEY, BAPTIST HEALTH FLOYD, BAPTIST HEALTH MEDICAL CENTER – LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER – NORTH LITTLE ROCK, BAPTIST HEALTH MEDICAL CENTER–HOT SPRING COUNTY, BAXTER REGIONAL MEDICAL CENTER, BEAUMONT HOSPITAL – FARMINGTON HILLS, BORGESS MEDICAL CENTER, CAPE REGIONAL MEDICAL CENTER, CARLE FOUNDATION HOSPITAL, CAROMONT REGIONAL MEDICAL CENTER, CARONDELET HEART & VASCULAR INSTITUTE, CARONDELET SAINT JOSEPH'S HOSPITAL, CARONDELET SAINT MARY'S HOSPITAL, CASTLEVIEW HOSPITAL, CENTEGRA HOSPITAL – MCHENRY, CENTEGRA HOSPITAL – WOODSTOCK, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, CHRISTUS GOOD SHEPHERD MEDICAL CENTER MARSHALL, CLARK MEMORIAL HOSPITAL, COMANCHE COUNTY MEMORIAL HOSPITAL, COMMUNITY HOSPITAL, COMMUNITY HOSPITAL ANDERSON, COMMUNITY HOSPITAL EAST, COMMUNITY HOSPITAL NORTH, COMMUNITY HOWARD REGIONAL HEALTH, CONWAY REGIONAL MEDICAL CENTER, DANVILLE REGIONAL MEDICAL CENTER, DEARBORN COUNTY HOSPITAL, DEKALB MEMORIAL HOSPITAL, EAST ALABAMA MEDICAL CENTER, ELKHART GENERAL HOSPITAL, FAIRFIELD MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FIRELANDS REGIONAL MEDICAL CENTER – MAIN CAMPUS, FITZGIBBON HOSPITAL, FLUSHING HOSPITAL MEDICAL CENTER, FRANCISCAN HEALTH HAMMOND, FRANCISCAN HEALTH INDIANAPOLIS, NORTH GEORGIA MEDICAL |

| | | | CENTER, PARKRIDGE WEST HOSPITAL, SAINT FRANCIS HOSPITAL MUSKOGEE, STARKE HOSPITAL. Filing fee $ 505, receipt number ADCDC–9421605. Fee Status: Fee Paid. Parties have been notified. (Miller, Daniel) (Entered: 08/05/2022) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVOCATE CHRIST MEDICAL CENTER, *et al.*,    ) | |
| ) | |
| Plaintiffs,    ) | Case No. 17-cv-1519 (TSC) |
| ) | |
| v.    ) | |
| ) | |
| XAVIER BECERRA[1], *Secretary, United States Department of Health and Human Services*    ) | |
| ) | |
| Defendant.    ) | |

### NOTICE OF APPEAL

Notice is hereby given this 5th day of August, 2022, that all Plaintiffs appeal to the United States Court of Appeals for the District of Columbia Circuit from the Memorandum Opinion and Order of this Court denying the Plaintiff's *Motion for Summary Judgment* [ECF No. 13], and granting the Defendant's *Cross-Motion for Summary Judgment* [ECF No. 15] entered in this action on the 8th day of June, 2022. [ECF Nos. 41, 42].

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

By:    /s/ Daniel F. Miller
Daniel F. Miller, D.C. Bar No. WI0032
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
330 East Kilbourn Avenue, Suite 1250
Milwaukee, WI 53202
Ph: (414) 721-0442
Fax: (414) 721-0491
Email: DMiller@HallRender.com

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Becerra is automatically substituted as a defendant in this action.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ADVOCATE CHRIST MEDICAL CENTER**, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>**ALEX M. AZAR, II,** *Secretary, United States Department of Health and Human Services*,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 17-cv-1519 (TSC) |

## <u>ORDER</u>

For the reasons stated in the accompanying Memorandum Opinion, ECF No. 41, the court hereby DENIES Plaintiffs' Motion for Summary Judgement, ECF No. 13, and GRANTS Defendant's Cross-Motion for Summary judgment, ECF No. 15.

Date:  June 8, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ADVOCATE CHRIST MEDICAL CENTER**, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 17-cv-1519 (TSC) |
| **ALEX M. AZAR, II,** *Secretary, United States Department of Health and Human Services*, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiffs are more than 200 acute care hospitals located across the country.  They provide inpatient care to Medicare beneficiaries, and in exchange are reimbursed for their services through the Medicare program.  They challenge the Secretary of the Department of Health and Human Services' (HHS) interpretation of a statutory program that compensates hospitals for serving a disproportionately large number of low-income patients.  Plaintiffs claim the Secretary's interpretation is unlawful under the Administrative Procedures Act ("APA") and ask the court to invalidate it and direct the Secretary to recalculate Plaintiffs' compensation for fiscal years 2006 to 2009.  They also seek a writ of mandamus compelling the Secretary to furnish them with information to verify the accuracy of their reimbursements under the statutory program.

Plaintiffs and the Secretary have cross-moved for summary judgment.  For reasons set forth below, the court will DENY Plaintiffs' Motion for Summary Judgment and GRANT the Secretary's Cross-Motion for Summary Judgment.

# I.    BACKGROUND

## A.  <u>Statutory and Regulatory Background</u>

Medicare is a federal program that provides health insurance coverage to individuals who are at least 65 years old and entitled to monthly Social Security benefits, and to disabled individuals who meet eligibility requirements.  *See* 42 U.S.C. § 1395.  The Medicare statute is divided into five Parts.  Part A provides hospital insurance benefits, *see id.* §§ 1395c–1395i-5, Part B provides coverage for outpatient and physician services, *see id.* §§ 1395j–1395w-5, Part C, known as the Medicare Advantage Program, allows participants to choose certain health plans as an alternative to the traditional fee-for-service model available under Parts A and B, *see id.* §§ 1395w-21–1395w-29, Part D provides coverage for prescription medication, *see id.* §§ 1395w-101–1395w-154, and Part E sets forth various "Miscellaneous Provisions," one of which is the Inpatient Prospective Payment System that reimburses Part A inpatient hospital services, *see Northeast Hosp. Corp. v. Sebelius*, 657 F.3d 1, 3 (D.C. Cir. 2011).

"Under the Medicare statute, the Secretary generally pays hospitals a sum for each covered inpatient service without regard to the hospital's actual cost."  *Adena Reg'l Med. Ctr. v. Leavitt*, 527 F.3d 176, 177 (D.C. Cir. 2008) (citing 42 U.S.C. § 1395ww(d)).  Instead of relying on a hospital's actual costs, "Medicare reimburses a hospital for services based on prospectively determined national and regional rates."  *Northeast Hosp. Corp.*, 657 F.3d at 2 (citing 42 U.S.C. § 1395ww(d)(1)–(4)); s*ee also Nazareth Hosp. v. Sec'y U.S. Dep't of Health & Human Servs.*, 747 F.3d 172, 175 (3d Cir. 2014) (explaining that Medicare "payments are predicated upon prevailing rates for given services").  But the Medicare statute also "provides for certain adjustments" to those pre-determined payment rates.  *Nazareth Hosp.*, 747 F.3d at 175.

One such adjustment is the "disproportionate share hospital" ("DSH") adjustment, which applies to hospitals that serve a "disproportionately large percentage of low-income patients." *Adena*, 527 F.3d at 177–78.  The Centers for Medicare and Medicaid Services ("CMS") is responsible for administering the Medicare program and calculating each qualifying hospital's DSH adjustment using a formula established by statute.  *See* 42 U.S.C. § 1395ww(d)(5)(F)(vi).

The amount of any DSH adjustment depends on the hospital's "disproportionate patient percentage" ("DPP").  *See id.* § 1395ww(d)(5)(F)(v)–(vii).  CMS calculates DPP by adding (1) the Medicaid fraction, and (2) the Medicare fraction, often referred to as the Supplemental Security Income ("SSI") fraction. [1]  *Id.* § 1395ww(d)(5)(F)(vi)(I)–(II).  The Medicaid and SSI fractions represent two distinct and separate measures of low income that, added together, provide a proxy for the total low-income patient percentage.  *See Cath. Health*, 718 F.3d at 916. The SSI fraction is at issue in this case.

CMS calculates the SSI fraction by dividing the time spent caring for patients entitled to benefits under both Medicare Part A and the SSI program by the time spent caring for patients

---

[1] The SSI fraction is defined as:

> [T]he fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which were made up of patients who (for such days) were entitled to benefits under part A of [Medicare] and were entitled to supplementary security income [SSI] benefits (excluding any State supplementation) under subchapter XVI of this chapter, and the denominator of which is the number of such hospital's patient days for such fiscal year which were made up of patients who (for such days) were entitled to benefits under part A of [Medicare].

42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).  "This language is downright byzantine and its meaning not easily discernible." *Cath. Health Initiatives Iowa Corp. v. Sibelius*, 718 F.3d 914, 916 (D.C. Cir. 2013).

entitled to benefits under only Medicare Part A.  *See Azar v. Allina Health Servs.*, 139 S. Ct.

1804, 1809 (2019).  A visual representation of the fraction is:

$$\text{Medicare-SSI Fraction} = \frac{\text{Inpatient days for patients entitled to both Medicare Part A and SSI benefits}}{\text{Inpatient days for patients entitled to Medicare Part A benefits}}$$

The SSI fraction "effectively asks, out of all patient days *from Medicare beneficiaries*, what

percentage of those days came from Medicare beneficiaries who *also* received SSI

benefits?"  *Cath. Health*, 718 F.3d at 917 (emphasis in original).  The greater the number of

patients that a hospital treats who are "entitled to [SSI] benefits," the larger the DPP, and thus the

higher the hospital's reimbursement rate.  *Id.* at 916.

      The SSI program is administered by the Social Security Administration ("SSA"), which

provides monthly cash payments to financially needy people who are aged 65 or older, blind, or

disabled.[2]  42 U.S.C. § 1381a.  The statute provides that individuals in these categories who are

"determined . . . to be eligible on the basis of his income and resources shall, in accordance with

and subject to the provisions of [Title XVI], be paid benefits by the Commissioner of Social

Security."  *Id.*  The SSA maintains SSI records, including monthly "payment status codes"

denoting whether an SSI applicant received payment during a given month and the reason for

that payment status.  *See* Soc. Sec. Admin., State Verification & Exch. Sys. (SVES) & State

Online Query (SOLQ) Manual, Appx. F (April 2013), (hereinafter "SVES/SOLQ") [AR 7016;

41,725].

_____

[2] To be eligible for SSI benefits, a person must be (1) 65 years of age or older, blind or disabled;
(2) a lawful resident of the United States; (3) have limited income and resources; (4) not be
fleeing to avoid prosecution for a crime or violating a condition of parole; and (5) file an
application for benefits.  *See* 42 U.S.C. § 1382; 20 C.F.R. § 416.202.

To enable CMS to calculate the SSI fraction, SSA sends CMS an annual "eligibility file" that includes information on all SSI applicants whom SSA has coded with one of three payment status codes:  C01 (current pay), M01 (forced pay), and M02 (forced due).  Medicare Program Rule, 75 Fed. Reg. at 50,042, 50,280 (Aug. 16, 2010).  SSA does so at CMS' request, because CMS interprets those codes as reflecting an SSI applicant's "entitlement" to SSI benefits.  *See id.* at 50,281 (stating that using SSI codes "C01, M01, and M02 accurately captures all SSI-entitled individuals during the month(s) that they are entitled to receive SSI benefits"); *id.* at 50,280 ("[W]e have requested, and are using in the data matching process, those SSA codes . . . .").  Specifically, those three codes reflect "whether or not SSA made a payment of SSI benefits to an individual who applied for SSI benefits."  *Id.* at 50,277.  SSA does not include payment status codes in the SSI eligibility file but does include monthly indicators denoting which month(s) each person received SSI payments.  *See id.* at 50,276; *see also* 51 Fed. Reg. 31,454, 31,459 (Sept. 3, 1986) (stating that the SSI file "lists all SSI recipients for a 3-year period and denotes the months during that period in which the recipient was eligible for SSI benefits").

CMS then computes the SSI fraction by matching individuals appearing in the SSA's eligibility file with its own Medicare inpatient data to identify a patient's entitlement to SSI benefits.  *Pomona Valley Hosp. Med. Ctr. v. Azar*, No. CV 18-2763 (ABJ), 2020 WL 5816486, at *2 (D.D.C. Sept. 30, 2020) (citing Medicare Program Rule, 75 Fed. Reg. at 50,281).  In other words, "CMS identifies the individuals appearing in both two data sets to determine the number of patients, and the inpatient days for those patients at each hospital, for the applicable fiscal year to calculate the hospital's SSI numerator."  *Id.* (citing *Cath. Health*, 718 F.3d at 916).  CMS also includes in the SSI numerator "patients who were retroactively found to be entitled to SSI benefits in a particular month in which they were hospitalized – regardless of whether they

Page **5** of **21**

actually came into possession of benefits during the month of their hospitalization." Def. Mot. at 23; *see also* Medicare Program Rule at 75 Fed. Reg. 50,282 (noting CMS' "inclusion of retroactive SSI eligibility determinations and the lifting of SSI payment suspensions by using the best and latest available SSI eligibility data"); *Baystate Medical Ctr. v. Leavitt*, 545 F. Supp. 2d 20, 26 n.12 (D.D.C. 2008) (explaining CMS' process for counting "hold and suspense" cases, which occur when the SSA is looking for a representative payee able and willing to accept checks on behalf of an SSI recipient, when "presumptively disabled" individuals receiving benefits during an initial period are awaiting additional state determinations, or when a state eligibility determination is pending).

Unlike the SSI program, which is a cash benefit program, the other entitlement relevant to the SSI fraction—Medicare Part A—is a federal health insurance program. In determining which patients are "entitled to" Medicare Part A, the Secretary counts all patients who meet the statutory criteria for that entitlement. *See* Def. Mot. at 29 (citing Medicare Program Rule at 75 Fed. Reg. at 50,280) ("We believe that Congress used the phrase 'entitled to benefits under part A' in [the DPP provision] to refer to individuals who meet the criteria for entitlement under these sections")); *see also* 42 C.F.R. § 400.202 (2012) ("Entitled means that an individual meets all the requirements for Medicare benefits."). According to the Secretary, that interpretation holds true "regardless of whether the person's stay in a hospital is actually paid for under Medicare Part A" and "regardless of whether the person is hospitalized at all." Def. Mot. at 29.

### B. Medicare Payment Determinations and Judicial Review

To obtain payment for services provided under Part A, hospitals submit cost reports at the end of each fiscal year to contractors known during the relevant time period as fiscal intermediaries or Medicare administrative contractors ("MACs"), which are generally private

insurance companies acting on behalf of HHS.  *See* 42 C.F.R. §§ 405.1801(b)(1), 413.24(f).  The intermediary determines the total payment (including any DSH adjustment) and issues a Notice of Program Reimbursement ("NPR"), informing the provider how much it will be paid for the fiscal year.  *See id.* § 405.1803.

A provider that meets statutory requirements may appeal the payment determination set forth in the NPR by requesting a hearing before the Provider Reimbursement Review Board (the "Board" or "PRRB").  *See* 42 U.S.C. § 1395oo(a)(1), (3).  The PRRB's final decision is subject to review by the CMS Administrator pursuant to the Secretary's delegation of authority to the Administrator.  *See id.* § 1395oo(f); 42 C.F.R. § 405.1875.  Challenges to the Secretary's final decision may be brought in federal court.  *See* 42 U.S.C. § 1395oo(f).

C.  **Procedural History**

In the administrative proceedings below, Plaintiffs appealed their DPP calculations from 2006 to 2009 to the Board pursuant to 42 C.F.R. § 405.1837.  The Board held combined hearings for these appeals on March 17, 2015 and September 15, 2015.  *See* ECF No. 13, Pls. Mot. at 4. Plaintiffs argued that CMS violated the Medicare statute by treating only three payment codes— C01, M01, and M02—as indicators of SSI entitlement.  *See* ECF No. 31, PRRB Dec. 2017-D11 [AR 66, 70–71]; PRRB Dec. 2017-D12 [AR 39,178, 39,182–83].  They contended that CMS should read the phrase "entitled to [SSI] benefits" in the same way that it reads the phrase "entitled to benefits under [Medicare] part A," to include both paid and unpaid SSI days.  PRRB Dec. 2017-11 [AR 70]; PRRB Dec. 2017-D12 [AR 39,182].

Interpreting Plaintiffs' claim as a challenge to the data matching process, the Board found that it lacked authority to grant the relief the hospitals sought.  *See* PRRB Dec. 2017-D11 [AR 70–73]; PRRB Dec. 2017-D12 [AR 39,182–84].

On review, the CMS Administrator rejected Plaintiffs' statutory interpretation challenge. *See* Administrator Dec. 2017-D11 [AR 2-25]. The Administrator found that the Secretary's interpretation "is supported by the statutory design of the two programs," and that "there are meaningful statutory differences between Medicare Part A benefits and SSI benefits." *See id.* [AR 17]. He explained that the phrase "entitled to benefits under [Medicare] part A" has a specialized meaning under the Medicare statute, and that this entitlement is generally understood to be a "status determination" that, once established, does not change merely because healthcare services are not paid for under the program. *See id.* [AR 17–18]. By contrast, he explained, entitlement to SSI benefits under Title XVI tends to change from month-to-month because it is based on income and resources as well as other statutory criteria that can vary over time. *Id.* [AR 18]. He further explained that SSI is a "cash benefit program" and that it is thus reasonable to distinguish it from Medicare Part A, which is "a distinct set of health insurance benefits" under the Act. *Id.* Finally, he rejected Plaintiffs' challenge to the use of only the three payment codes as indicators of entitlement to SSI benefits, finding that none of the other codes indicates that a person was entitled to receive SSI benefits in a given month. *See id.* [AR 19].

Plaintiffs then brought this action for judicial review of the Administrator's decision, *see* 42 U.S.C. § 1395oo(f)(1), challenging the calculation of their DPP for the four fiscal years at issue. ECF No. 1, Compl. They ask the court to invalidate the Secretary's interpretation of the phrase, "entitled to [SSI] benefits" in the DPP provision and to require recalculation of Plaintiffs' DPP for fiscal years 2006 to 2009 "to include all SSI-enrolled patient days in the numerator of [that] fraction." *See id.* at 47–48 ("Request for Relief") ¶ a & c. They also seek mandamus relief "directing the Secretary to furnish [them] with CMS data from the [SSA] to identify the [SSA] payment codes] of all SSI enrollees who were entitled to Part A and who received inpatient

hospital services from the Plaintiffs during the cost report years at issue." *See id.* ("Request For Relief") ¶ b.  The parties have cross-moved for summary judgment.

## II.    LEGAL STANDARD

A court typically must grant summary judgment when the pleadings and evidence show "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  However, in cases involving challenges to agency action under the Administrative Procedure Act ("APA"), Rule 56 "does not apply because of the limited role of a court in reviewing the administrative record." *Select Specialty Hosp.-Akron, LLC v. Sebelius*, 820 F. Supp. 2d 13, 21 (D.D.C. 2011) (citations omitted).  In such cases, summary judgment "serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Id.*

Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), in excess of statutory authority, *id.* § 706(2)(C), or "without observance of procedure required by law," *id.* § 706(2)(D).  Agency action is arbitrary and capricious if the agency (i) "has relied on factors which Congress has not intended it to consider"; (ii) "entirely failed to consider an important aspect of the problem"; (iii) "offered an explanation for its decision that runs counter to the evidence before the agency"; or (iv) "is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  In short, an agency must "articulate a satisfactory explanation for its action" with a "rational connection between the facts found and the choice made." *Id.*

That said, the scope of the court's review is narrow, and a court cannot "substitute its judgment for that of the agency." *Id.* at 43.  Indeed, an agency's decision is presumed to be valid.  *See Am. Radio Relay League, Inc. v. F.C.C.*, 617 F.2d 875, 879 (D.C. Cir. 1980). Furthermore, in Medicare cases, the "tremendous complexity of the Medicare statute . . . adds to the deference which is due to the Secretary's decision."  *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 60 (D.C. Cir. 2015) (quoting *Methodist Hosp. of Sacramento v. Shalala*, 38 F.3d 1225, 1229 (D.C. Cir. 1994)).  Accordingly, the burden rests with the plaintiff to show that an agency's decision is inconsistent with the APA.  *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 n.28 (D.C. Cir. 1981).

When reviewing an agency's interpretation of a law it administers, a court must apply the two-step framework of *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). At *Chevron* step one, the court must first determine whether "the intent of Congress is clear," for if "Congress has directly spoken to the precise question at issue," then the court must give effect to Congress's clear intent.  *Id.* at 842.  At this first step, the court "employ[s] traditional tools of statutory construction," *id.* at 843 n.9, to determine whether Congress "has unambiguously foreclosed the agency's statutory interpretation," *Catawba Cty. v. EPA*, 571 F.3d 20, 35 (D.C. Cir. 2009).  "Because at *Chevron* step one [the court] alone [is] tasked with determining Congress's unambiguous intent," it must conduct its analysis "without showing the agency any special deference."  *Vill. of Barrington v. Surface Transp. Bd.*, 636 F.3d 650, 659–60 (D.C. Cir. 2011).  If the court "determine[s] that statutory ambiguity has left the agency with a range of possibilities and that the agency's interpretation falls *within* that range, then the agency will have survived *Chevron* step one," and the court must proceed to step two.  *Id.* at 660 (emphasis in original).

At *Chevron* step two, the court must "defer to the agency's permissible interpretation, but only if the agency has offered a reasoned explanation for why it chose that interpretation." *Id.*  A court must "defer to an agency's statutory interpretations not only because Congress has delegated law-making authority to the agency, but also because that agency has the expertise to produce a reasoned decision." *Id.* (citing *Chevron*, 467 U.S. at 844–45).  Where a "legislative delegation to an agency on a particular question is implicit rather than explicit," *Chevron*, 467 U.S. at 844, a court must uphold any "'reasonable interpretation made by the administrator' of that agency." *Am. Paper Inst., Inc. v. EPA*, 996 F.2d 346, 356 (D.C. Cir. 1993) (quoting *Chevron*, 467 U.S. at 844).

### III.   ANALYSIS

#### A.   <u>The Secretary's Interpretation of the Phrase "Entitled to [SSI] Benefits"</u>

As noted above, the SSI fraction is defined as the number of patient days for individuals both "entitled to benefits under part A" and "entitled to [SSI benefits]," divided by the total number of patient days for patients "entitled to benefits under part A."  42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).  Plaintiffs argue that the statutory text and legislative history compel the Secretary to interpret "entitled to [SSI benefits]" to include patient days for all patients enrolled in the SSI program, regardless of whether they receive an SSI payment during the month of their hospitalization or are later found entitled to a retroactive SSI payment.  Pls. Mot. at 18–19, 25–26.  Plaintiffs also argue that the Secretary's current interpretation is arbitrary and capricious because it is narrower than the Secretary's interpretation of "entitled to benefits under part A." *Id.* at 26–36.

The Secretary argues that his interpretation of the phrase "entitled to [SSI benefits]" is consistent with statute and that the perceived inconsistency in how he interprets the words

"entitled to [SSI benefits]" and "entitled to benefits under part A" is attributable to the two distinct types of entitlements at issue—SSI cash payments versus Medicare Part A insurance benefits—and the differing methods of qualifying for each benefit. Def. Mot. at 13, 27–32. The Secretary also contends that, even if the statute is ambiguous about the correct interpretation, his interpretation is nonetheless reasonable. *Id.* at 26–32.

    1. *Chevron* Step One

    The court first considers "whether Congress has directly spoken to the precise question at issue." *Chevron*, 567 U.S. at 842. In other words, has Congress "unambiguously foreclosed the Secretary's interpretation," *Northeast Hosp. Corp.*, 657 F.3d at 5, that persons "entitled to [SSI] benefits" are those who received SSI cash payments during the month of their hospitalization and those who are later determined to be entitled to retroactive SSI payments for the month(s) of their hospitalization? The court concludes that Congress has not.

    The DPP provision does not define the phrase "entitled to [SSI] benefits," *see* 42 U.S.C. § 1395ww, though its ordinary meaning is "to grant a legal right to or qualify for," *Entitle*, BLACK'S LAW DICTIONARY (11th ed. 2019). With regard to the DPP provision, courts have reasoned that "'entitlement' is not just an abstract ability to sign up for" Medicare benefits; "[r]ather, it is entitlement *to have payment made*." *Northeast Hosp. Corp.*, 657 F.3d at 20 (emphasis in original). Specifically, courts have distinguished between the phrase "eligible for," which appears in the Medicaid fraction, and the phrase "entitled to" which appears in the SSI fraction:

> In neighboring Medicare subsections, Congress uses the two different terms— "eligible" to refer to a patient's status with regard to the state Medicaid plan and "entitled" to refer to his status with regard to the federal Medicare plan. Even within the Medicaid proxy itself, this distinction is reinforced by the use of the two different words when referring to the two different programs: "patients who (for such days) were *eligible* for medical assistance under a State plan approved under

> [the Medicaid program], but who were not *entitled* to benefits under part A of [the Medicare program]." 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (emphasis added). If Congress had wanted to use the word "entitled" throughout the Medicaid proxy as it had in the Medicare proxy, it could—and would—have done so.

*Cabell Huntington Hosp., Inc. v. Shalala*, 101 F.3d 984, 988 (4th Cir. 1996) (emphasis in original); *see also Cath. Health*, 718 F.3d at 917 (explaining that the SSI fraction focuses on Medicare beneficiaries who "received" SSI payments); *Jewish Hosp., Inc. v. Sec'y of Health and Hum. Serv.*, 19 F.3d 270, 275 (6th Cir. 1994) (noting that "[t]o be entitled to some benefit means that one possesses the *right* or *title* to that benefit) (emphasis in original).

Nothing in the statutory text shows that Congress "unambiguously foreclosed" the Secretary's interpretation that individuals who are neither receiving SSI benefit payments nor entitled to a retroactive payment should be excluded from the SSI fraction's numerator. *See Baystate*, 545 F. Supp. 2d at 37 (reaching "the inescapable conclusion that Congress did not intend that patients' ineligible for SSI payments would be counted in the numerator" of the SSI fraction). The Secretary's interpretation is also consistent with the nature of the benefits at issue, which are specifically defined under Title XVI as benefits that are "paid" to qualifying aged, blind, and disabled individuals. *See* 42 U.S.C.A. § 1381a.

Plaintiffs argue that apparent inconsistencies between the Secretary's interpretation of the phrase "entitled to [SSI] benefits" and a similar phrase in the same DPP provision, "entitled to benefits under [Medicare] part A," forecloses the Secretary's interpretation of the former. Pls. Mot. at 20–24. Plaintiffs contend that this inconsistency arose in 2004, when CMS "broadened" its interpretation of the phrase "entitled to benefits under [Medicare] part A" to include Medicare patient days for which healthcare services were not paid for under Medicare part A, and that the Secretary must now similarly broaden his interpretation of entitlement to SSI benefits to include both "paid and unpaid" SSI days in the numerator of the SSI fraction. *Id.* at 13–17.

Plaintiffs' "inconsistency" argument is unavailing at step one of the *Chevron* analysis for at least two reasons. First, the D.C. Circuit and Sixth Circuit have upheld the Secretary's interpretation of the phrase, "entitled to benefits under [Medicare] part A," implying that there is no fatal inconsistency between that interpretation and the Secretary's interpretation of "entitled to [SSI benefits]." *See Cath. Health*, 718 F.3d at 914 (upholding the Secretary's interpretation of the phrase to include days for which Medicare coverage was exhausted); *Metro. Hosp. v. U.S. Dep't of Health and Hum. Servs.*, 712 F.3d 248 (6th Cir. 2013) (same); *Northeast Hosp. Corp.*, 657 F.3d at 13 (finding that the Secretary's determination that Medicare Part C patients were "entitled to benefits under part A" was not foreclosed under *Chevron* step one). Second, to say that two interpretations are "inconsistent," does not say anything about which of the two interpretations is correct, and it certainly does not show that Congress "unambiguously foreclosed" one interpretation in favor of another.

Plaintiffs also argue that the legislative history demonstrates that Congress intended "all SSI Enrollees" to be counted in the SSI fraction. Pls. Mot. at 25–26. The court disagrees. As an initial matter, legislative history does not factor heavily on this point because the statute plainly uses the term "entitled," not "enrolled," and because Title XVI itself creates no legally cognizable "enrollment" status in the SSI program. *See, e.g.*, *Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear."); *Halverson v. Slater*, 129 F.3d 180, 187 n.10 (D.C. Cir. 1997) ("[O]rdinarily we have no need to refer to legislative history at *Chevron* step one.").

In any event, the legislative history does not support Plaintiffs' argument. The DPP provision was enacted as part of the Consolidated Omnibus Budget Reconciliation Act of 1985. On December 19, 1985, the House issued a Conference Report attempting to harmonize the

House and Senate versions of the proposed bill.  *See* H.R. Rep. No. 99-453 (1985) [AR 6,621-27].  Plaintiffs quote from the Report's description of the Senate version, which used the term "enrolled in SSI" when describing the low-income proxy.  *Id.* at 459–60 [AR 6623–24].  The Conference agreement, however, which combined the House and Senate versions into a new version, did not use the term "enrolled" and instead referred to SSI "beneficiaries."  *Id.* at 461 [AR 6,625].

Consequently, neither the statutory text nor legislative history show that Congress intended the SSI fraction to include all persons enrolled in the SSI program who did not receive SSI payments during the month of their hospitalization or who are later found to be entitled to receive SSI payments.  And certainly, Congress has not "unambiguously foreclosed" the Secretary's interpretation.  Rather, "it has left a statutory gap, and it is for the Secretary, not the court, to fill that gap."  *Northeast Hosp. Corp.*, 657 F.3d at 13.

2.  *Chevron* Step Two

Having found that the statute is ambiguous with respect to the Secretary's interpretation, the court proceeds to *Chevron*'s second step to determine whether the Secretary's interpretation "is based on a permissible construction of the statute," *Chevron*, 467 U.S. at 842, and concludes that it is.

As noted, in determining if an individual is "entitled" to Medicare Part A benefits, the Secretary's interpretation includes all patients who meet the statutory criteria for this entitlement, even if they have opted for a Medicare Part C plan and their hospital costs will be paid by their Part C plan.  *See* Def. Mot. at 29–30; Medicare Program Rule, 75 Fed. Reg. at 50,280; *Northeast Hosp. Corp.*, 657 F.3d at 9.  In contrast, patients are only considered to be "entitled" to SSI benefits when they are both eligible for this entitlement and receive an SSI payment or are later

found entitled to retroactive SSI payments. *See* Def. Mot. at 23–24; Medicare Program Rule, 75 Fed. Reg. at 50,041, 50,281–82; *Baystate*, 545 F. Supp. 2d at 26 n.12. Plaintiffs seize on this purported inconsistency to argue that the Secretary's interpretation of the DPP provision is arbitrary and capricious. *See* Pls. Mot. at 34–36. The court disagrees.

The Secretary adequately explained that the perceived inconsistency arises from the two distinct types of statutory entitlements at issue—SSI cash benefits versus Part A insurance benefits. SSI cash benefits are an entitlement that depends on a right to be paid, while one's insured status is a continuous entitlement that is not contingent on certain payments being made each month. *See* Medicare Program Rule, 75 Fed. Reg. at 50,280–81. The Secretary also responded to arguments that its matching process improperly excludes certain SSA payment status codes that reflect persons who are "eligible for SSI, but not eligible for SSI payments, [and] that should be included as SSI-entitled for purposes of the matching process." *Id.* at 50,280. With regard to the codes provided by SSA, the Secretary has explained:

> [N]one of the SSI status codes that the commenter mentioned would be used to describe an individual who was entitled to receive SSI benefits during the month that one of those status codes was used. SSI entitlement can change from time to time, and we believe that including SSI codes of C01, M01, and M02 accurately captures all SSI-entitled individuals during the month(s) that they are entitled to receive SSI benefits.

*Id.* at 50,281. This interpretation is reasonable.

Moreover, case law supports the Secretary's position. *See Fla. Health Scis. Ctr., Inc. v. Becerra*, 19-cv-3487-RC, 2021 WL 2823104, at *1 (D.D.C. July 7, 2021) (rejecting similar arguments about the same "purported inconsistency"); *Metro. Hosp.*, 712 F.3d at 268 (concluding that "the differences in the language used in the SSI and Medicare statutory schemes explain this apparent inconsistency"); *cf Env't Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007) ("A given term in the same statute may take on distinct characters from association with

Page **16** of **21**

distinct statutory objects calling for different implementation strategies."); *Allina Health Sys. v. Sebelius*, 982 F. Supp. 2d 1, 11 (D.D.C. 2013) (noting that "as the Supreme Court has observed, varying interpretations, even within the same statute, do not irrefutably render an agency construction unreasonable") (citation omitted).

By contrast, Plaintiffs' interpretation would encompass numerous persons who are not eligible for SSI benefits, let alone "entitled to" them.  Of the 74 SSA payment status codes that Plaintiffs say should be treated as indicators that a person is "entitled" to SSI benefits, at least fifty are used to identify persons who, for various reasons, are not eligible for SSI benefits.  *See* SVES/SOLQ [AR 7016–18] (noting that the fifty "N" codes indicate "the applicant is not eligible for SSI/State Supplement payments or that a previously eligible recipient is no longer eligible").  Such ineligibility can be for many reasons, the most common reason being that a person's income exceeds the applicable statutory maximum.  *See* Pls. Mot. at 2–3.  For instance, in 2010, 671,128 individuals enrolled in the SSI program were ineligible to receive SSI benefits due to excess income, as indicated by their payment status code "N01."  *See* Soc. Sec. Admin., SSI Annual Statistical Report, 2013, Table 75 [AR 7007]; *see also* [AR 7013].  Counting those individuals as "entitled to [SSI] benefits" seems squarely at odds with the statute.

In Medicare cases such as this one, the "tremendous complexity of the Medicare statute . . . adds to the deference which is due to the Secretary's decision."  *Dist. Hosp. Partners, L.P.*, 786 F.3d at 60 (quoting *Methodist Hosp. of Sacramento v. Shalala*, 38 F.3d 1225, 1229 (D.C. Cir. 1994)).  The burden rests with the plaintiff to show that an agency's decision is arbitrary, *Costle*, 657 F.2d at 283 n.28, and Plaintiffs have failed to meet that burden.

**B.  Plaintiffs' Mandamus Act Claim**

In addition to their APA claim, Plaintiffs seek a writ of mandamus compelling the Secretary to give them the SSA's payment status codes for all persons enrolled in the SSI program, whether CMS has deemed them "entitled to [SSI] benefits" or not, so that Plaintiffs can verify and challenge CMS' calculation of their DSH adjustments.  Pls. Mot. at 36–45.

Jurisdiction over actions "in the nature of mandamus" under § 1361 is strictly limited.  *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005).  As the D.C. Circuit has emphasized, mandamus is a "drastic" remedy available only in "extraordinary situations," and "is hardly ever granted." *Id.*  The minimum jurisdictional prerequisites to relief are: (1) that the plaintiff has a clear and indisputable right to relief, (2) that the defendant has a clear, nondiscretionary duty to act, and (3) that the plaintiff has exhausted all other avenues of relief and has no other adequate available remedy.  *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Bond v. U.S. Dep't of Just.*, 828 F. Supp. 2d 60, 75 (D.D.C. 2011).  Even if a plaintiff meets these requirements, whether mandamus relief should issue is discretionary.  *In re Cheney*, 406 F.3d at 729.  The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.'"  *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1998)).

As instructed by the D.C. Circuit, "[t]he court will discuss the first two jurisdictional elements for mandamus-type relief — clear right to relief and clear duty to act — concurrently," *Lovitky v. Trump*, 949 F.3d 753, 760 (D.C. Cir. 2020), and finds that Plaintiffs fail to satisfy either element.

Section 951 of the Medicare Prescription Drug, Improvement and Modernization Act requires the Secretary to "arrange to furnish . . . hospitals . . . with the data necessary for such

hospitals to compute the number of patient days used in computing the disproportionate patient percentage . . . for that hospital for the current cost reporting year." Medicare Modernization Act, Pub. L. No. 108-173 § 951, 117 Stat. 2066, 2427 (2003) (codified at 42 U.S.C. § 1395ww Note). To accomplish this, CMS gives hospitals data "contain[ing] the matched patient-specific Medicare Part A inpatient days/SSI eligibility data on a month-to-month basis." 70 Fed. Reg. 47,278, 47,440 (Aug. 12, 2005). But given the confidentiality of information retained by the SSA, CMS does not give hospitals the complete SSI eligibility file that it receives from the SSA. *See id.* (rejecting proposal that CMS release the data file of SSI eligibility information that the SSA gives CMS because CMS is prohibited from disclosing SSI eligibility information).

Plaintiffs argue that the Secretary must disclose "assigned [payment status] codes" for all "SSI Enrollees." Pls. Mot. at 37. As previously explained, the Secretary relies on the SSA's payment status codes in determining which SSI enrollees are "entitled to [SSI] benefits." The Secretary interprets three SSA payment status codes—C01 (current pay), M01 (forced pay), and M02 (forced due)—as reflecting "entitlement" to SSI benefits for purposes of calculating the SSI fraction. *See* Medicare Program Rule, 75 Fed. Reg. at 50,281. The Secretary furnishes data on these patients to hospitals, including indicators of the months patients received SSI payments, but does not provide hospitals with the SSA's payment status codes. *See* Pls. Mot. at 36–37, 42; Def. Mot. at 40. CMS itself does not receive the SSA's payment status codes. *See* Medicare Program Rule, 75 Fed. Reg. at 50,276 ("The SSI eligibility data that CMS receives from SSA contain monthly indicators to denote which month(s) each person was eligible for SSI benefits during a specific time period"); 51 Fed. Reg. at 31,459 (stating that the SSI file "lists all SSI recipients for a 3-year period and denotes the months during that period in which the recipient was eligible for SSI benefits").

Section 951 of the Act is silent as to what constitutes "data necessary for such hospitals to compute the number of patient days" that are factored into the DPP.  Moreover, CMS' interpreting regulations[3] "would hardly be sufficient to transform [the Act's] silence on the subject . . . into the 'clear duty' required to justify a grant of mandamus."  *Power*, 292 F.3d at 786.  In circumstances such as this, where an alleged "duty is not . . . plainly prescribed, but depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus." *Consol. Edison Co. of N.Y. v. Ashcroft*, 286 F.3d 600, 605 (D.C. Cir. 2002) (quoting *Wilbur v. United States*, 281 U.S. 206, 218–219 (1930)).

Plaintiffs' request for payment status codes stems from their disagreement with the Secretary on where to draw the line between patients who are and are not "entitled to [SSI] benefits."  Indeed, Plaintiffs emphasize that payment status codes are necessary to compute a "specific damages figure" in the event the Secretary's interpretation of "entitled to [SSI] benefits" is unlawful.  *See* Pls. Reply at 28.  But as previously explained, the Secretary's interpretation of who is "entitled to [SSI] benefits" is valid, and "cannot be controlled by mandamus."  *Consolidated Edison Co. of N.Y.*, 286 F.3d at 605.  The same is true for the Secretary's interpretation that the "data necessary" for hospitals to compute the number of inpatient days for patients "entitled to SSI [benefits]" is data that the Secretary already provides: patient-specific data for all patients "entitled to [SSI] benefits."  Def. Mot. at 40.  For example,

---

[3] *See* 71 Fed. Reg. 17470, 17,473 (Apr. 6, 2006) ("Disclosure under this routine use shall be for the purpose of assisting the hospital to verify or challenge CMS' determination of the hospital's SSI ratio . . . .  Disclosure shall be limited to data concerning the total number of patient days, the number of SSI/Medicare days, if any, and the number of Medicare covered days, if any, associated with each stay at the hospital's facility."); *see also* Medicare Program Rule, 75 Fed. Reg. at 50,280 (stating that "CMS is not authorized to share SSA data").

whether SSA denoted a patient with a payment status code C01, as opposed to M01, or M02, would not impact CMS' calculation of the SSI fraction because patient days for patients denoted with any of these three payment status codes are counted in the computation and provided to hospitals. And whether SSA denoted a patient with some other payment code, such as codes beginning with "T" (denoting that SSI payments were terminated), as opposed to "S" (suspended) or "N" (nonpayment), is likewise not relevant because those patients are not counted in the computation under the Secretary's interpretation. Medicare Program Rule, 75 Fed. Reg. 50,280–81.

Because Plaintiffs have not shown that there is a "clear and compelling duty under the [Act] as interpreted" for the Secretary to provide them with SSA payment status codes, Plaintiffs' mandamus claim fails, and the court need not consider whether there are alternative remedies available or any equitable considerations that dictate a different result. *See Lovitky*, 949 F.3d at 759 (explaining that unless all jurisdictional prerequisites are met, a court must dismiss a mandamus claim for lack of jurisdiction).

## IV.   CONCLUSION

For reasons explained above, the court will DENY Plaintiffs' Motion for Summary Judgment and GRANT Defendant's Cross-Motion for Summary Judgment.

Date: June 8, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge