# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

ADVOCATE CHRIST MEDICAL CENTER, *et al.*,

    Appellants,

v.                                              **No. 22-5214**

XAVIER BECERRA, *Secretary,*
U. S. Dept. of Health and Human Services,

    Appellee.

## STATEMENT OF ISSUES

This appeal challenges the U.S. Department of Health and Human Services (HHS) Secretary's disparate interpretation of the same phrase used twice in one statutory provision.

The Medicare Statute lays out a mathematical formula used to calculate the disproportionate share hospital (DSH) adjustment for hospitals serving low-income patients. The formula contains two fractions, commonly known as the Medicare fraction and the Medicaid fraction.

This appeal involves the Medicare (or SSI) fraction:

> . . . the *numerator of which is the number of such hospital's patient days* for such period which were made up of *patients who* (*for such days*) were entitled to benefits under part A of [Medicare] and *were entitled to supplementary security income*

> *[SSI] benefits* (excluding any State supplementation ) under subchapter XVI of this chapter, and the *denominator of which is the number of such hospital's patient days* for such fiscal year which were made up of *patients who* (*for such days*) *were entitled to benefits under part A of [Medicare]*.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) (emphasis added).

Until 2004, the Secretary interpreted this statutory provision to require actual payment by the identified program if the patient days were to be included in the Medicare fraction, *i.e.*, SSI and Medicare Part A payment for the numerator and Medicare Part A payment for the denominator. Since 2004, however, the Secretary has interpreted "entitled to benefits under part A" to not require Part A payment for the patient's hospital stay. Since 2004, the Secretary includes in the Medicare fraction denominator all patients enrolled in Medicare, regardless of whether Part A made any payment. However, the Secretary continues to interpret "entitled to supplementary security income [SSI] benefits" as requiring actual receipt of SSI payment by the patient in the month of hospitalization. Therefore, the Secretary excludes from the numerator all Medicare patients who are enrolled in SSI and eligible for SSI benefits but did not receive an SSI cash payment for the month in which they were hospitalized.

> The Appellants present the following issue on appeal:
>
> > Is the Secretary permitted to interpret the same phrase—"entitled to benefits"—two different ways when it is contained twice in the same sentence of the same statute?

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
*Attorneys for Appellants*

By: /s/ Daniel F. Miller
     Daniel F. Miller
     Sara Jean MacCarthy
     Heather D. Mogden
     330 East Kilbourn Avenue, Suite 1250
     Milwaukee, WI 53202
     Ph: (414) 721-0442
     Fax: (414) 721-0491
     dmiller@hallrender.com
     smaccarthy@hallrender.com
     hmogden@hallrender.com